97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edwin CRUZ, Defendant-Appellant.
 No. 96-1893.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 16, 1996.*
Decided Sept. 18, 1996.
 
 Before WOOD, Jr., EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 Sentencing is the only issue in this criminal appeal. Cruz pleaded guilty to conspiring to distribute cocaine and was sentenced to 80 months' imprisonment. One of his contentions--that the district judge erred in finding him ineligible for the "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. 5C1.2--is beside the point. The safety value rules permit a district judge to impose on qualifying offenders sentences below the statutory minimum, in order to come within the Guideline range for the offense in question. The statutory minimum for Cruz was 60 months' imprisonment; the Guideline range was above the statutory minimum, and by imposing a term of 80 months' imprisonment, the district court demonstrated that the statutory minimum did not affect the penalty. The only question actually before us on appeal, then, is whether the district judge accurately computed the Guideline range.
 
 
 2
 Cruz contends that he was entitled to a two or three level reduction for acceptance of responsibility. Our review is deferential. See United States v. Gomez, 24 F.3d 924 (7th Cir.1994). The district judge pointed out that pleading guilty does not automatically entitle a defendant to the reduction; there must be genuine acceptance of responsibility. U.S.S.G. § 3E1.1 Application Notes 1(a), 3. The district judge found genuine acceptance lacking here, because Cruz took payments from one co-defendant while in prison and thereafter falsely attempted to exculpate another of the co-defendants. The district judge was entitled to find that the statement provided to co-defendant Bonilla-Comacho was false. It was certainly inconsistent with much testimony at Bonilla-Comacho's trial (at which the district judge presided), and was indeed inconsistent with Cruz's own statements and plea of guilty. Other reasons also supported the judge's decision not to reduce Cruz's offense level for acceptance of responsibility; given the standard of review, see Koon v. United States, 116 S.Ct. 2035, 2046-48 (1996), the judgment must be
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f). The oral argument scheduled for September 25, 1996, is cancelled